UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80401-CIV-MARRA

TONY MERRITT,

Plaintiff,

vs.

GOOD SAMARITAN HOSPITAL AND
MEDICAL CENTER and DR. DANIEL L SPITZ,

Defendants.
_____

**ORDER**

This cause is before the Court upon Plaintiff's Motion for Leave to Proceed in forma pauperis (DE 2).  The Court has carefully considered the motion and is otherwise fully advised in the premises.

> Under 28 U.S.C. § 1915(e)(2)(B) provides as follows:
> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> (B) the action or appeal--
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

The Court must first examine whether this Complaint is frivolous or fails to state a claim before reaching a determination on the merits of Plaintiff's in forma pauperis application.  Cf. Herrick v. Collins, 914 F.2d 228, 229 (11th Cir. 1990) (court should determine whether the complaint was frivolous before ordering plaintiff to pay a partial filing fee).

The Supreme Court has established that a court should afford a pro se litigant wide leeway in pleadings.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (holding

allegations of a pro se complaint to a less stringent standard than formal pleadings drafted by lawyers). However, this leniency does not give the court license to rewrite an otherwise deficient pleading in order to sustain an action. GJR Investments, Inc., v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998). Pro se litigants are required to meet certain essential burdens in their pleadings. See Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990).

After careful review of Plaintiff's Complaint, the Court finds that Plaintiff's Complaint fails to state a claim that can be brought in federal court because this Court does not have jurisdiction over this case. The Complaint alleges a medical malpractice case brought against a doctor and a medical institution. This is a claim based on state of Florida common law, not federal law. As such, this Court lacks jurisdiction because it does not state a federal claim and both Plaintiff and Defendant are citizens of Florida. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."); University of So. Ala. v. American Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) ("federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress.")

If Plaintiff wishes to pursue this claim, she must do so in a state court, not a federal court.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Complaint is

DISMISSED. The Clerk shall **CLOSE** this case and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of March, 2014.

_____
KENNETH A. MARRA
United States District Judge